IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:06-674-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Antonio Gregg Tucker,<br>    Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Reduction Pursuant to the First Step Act of 2018. ECF No. 90. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 93. Defendant was given an opportunity to advance further argument as to why relief under the First Step Act would be warranted (ECF No. 94), but failed to do so. For the reasons explained below, Defendant's motion is denied.

Defendant was indicted on June 21, 2006 on six counts. ECF No. 2. Count 1 charged conspiracy to possess with intent to distribute and to distribute 5 grams or more of cocaine base. *Id.* Counts 2-6 charged possession with intent to distribute a quantity of cocaine base. *Id.* On November 16, 2006, the Government filed an Information, informing Defendant he was subject to increased penalties as a result of a prior drug conviction. ECF No. 50. Defendant entered into a Plea Agreement to plead guilty to Count 4, a violation of §§ 841(a)(1) and (b)(1)(C), and entered a guilty plea on January 8, 2007. ECF Nos. 63, 65. He was sentenced on March 28, 2007, to 188 months' imprisonment and six years' supervised release. ECF No. 71.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base <u>required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B)</u>. *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis

added).  The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed."  *Id.*  However, the First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

Because Defendant was indicted and convicted of a violation of § 841(b)(1)(C) (Count 4), and the enactment of the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with that conviction, he is not eligible for consideration of a reduction under the terms of the First Step Act.  Accordingly, Defendant's motion pursuant to the First Step Act (ECF No. 90) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 2, 2019